1  WO

6  IN THE UNITED STATES DISTRICT COURT
7  FOR THE DISTRICT OF ARIZONA

9  Damian Hart, et al.            )   No. CV-77-0479-PHX-NVW
                                  )
10        Plaintiff,               )   **ORDER**
                                  )
11  vs.                            )
                                  )
12                                 )
    Tom Agnos, et al.              )
13                                 )
          Defendant.               )
14                                 )
                                  )
15  _____)
                                  )
16

17        Pending before the court is Defendants' Motion to Reconsider Order Appointing
18  Debra Hill and Margaret Winter as Class Counsel (doc. # 1231).  The court agrees with
19  Defendants the Order filed April 1, 2008 (doc. #1221) granting Plaintiffs' Motion for
20  Appointment of Debra Hill and Margaret Winter as Class Counsel (doc. # 1212) was filed
21  before Defendants' time to respond expired under LRCiv 7.2(c).  The court, therefore,
22  treats Defendants' Motion to Reconsider as their response to the Motion for Appointment
23  and has considered the arguments presented therein.  Because the court will deny the
24  motion for reconsideration in all other respects, no reply from Plaintiffs is required.
25        First, the Order terminates representation by Theodore C. Jarvi as counsel for the
26  Plaintiff class.  (Doc. #1221.)  Defendants do not object to the termination.
27        Second, the Order grants the motion to appoint attorney Debra Hill of Osborn
28  Maledon, P.A., and attorney Margaret Winter of ACLU National Prison Project as class

counsel. (Doc. #1221.) Defendants do not object to Ms. Hill and Ms. Winter representing the Plaintiff class.

Third, the Order directs that Ms. Hill and Ms. Winter "may request reimbursement of fees pending further Order of the Court at an hourly rate no greater than that set by the Prison Litigation Reform Act (150% of the prevailing CJA rate at the time the work is done)." (Doc. #1221.) Defendants object to compensating Ms. Hill and Ms. Winter under the Prison Litigation Reform Act ("PLRA") and contend it is unclear when Ms. Hill and Ms. Winter would be compensated. However, Fed. R. Civ. P. 23(h) provides, "In a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement." Absent an agreement between parties regarding compensation for Ms. Hill and Ms. Winter, any attorneys' fee award will be made as authorized by law. Under Rule 23(h) and in the context of the January 24, 2008 hearing (doc. #1208) before Judge Earl H. Carroll regarding the appointment of Plaintiffs' class counsel and papers the parties have filed, the April 1, 2008 Order means that Ms. Hill's and Ms. Winter's compensation will be determined under the governing statutory authority, *i.e.*, 18 U.S.C. § 3626 and 42 U.S.C. §§ 1997(e), 1983, 1988, unless the parties reach a different agreement. Under § 1988, the court may award a reasonable attorney's fee to the prevailing party. Under § 1997e, the court may not award fees except to the extent the fee was directly and reasonably incurred in proving an actual violation of Plaintiffs' rights protected by a statute pursuant to which a fee may be awarded under § 1988 and the fee was directly and reasonably incurred in enforcing the relief ordered for the violation. Section 1997e also limits the hourly rate to 150 percent of the hourly rate established for payment of court-appointed criminal defense counsel.

Plaintiffs have stated that Osborn Maledon and the ACLU National Prison Project would be willing to accept the same contractual arrangement under which Mr. Jarvi represented the Plaintiffs. (Doc. #1212 at 4 n.1.) Defendants have stated they want Ms. Hill and Ms. Winter to "be compensated, if at all, consistent with the contractual

- 2 -

arrangements with Mr. Jarvi." (Doc. #1231 at 5.) If Defendants want to pay Plaintiffs' attorneys' fees regardless of which parties prevail in order to avoid a potential increase in the PLRA hourly rate and to be "better able to object to the fees" if received on a regular basis without involvement of the court, as they have indicated, the parties are free to enter into a fee agreement that does not violate applicable law and then to present it to the court for approval.

Further, Defendants ask the court to reconsider whether it is necessary for both Ms. Hill and Ms. Winter to represent the Plaintiff Class. As Plaintiffs explained in 2006, Defendants will have opportunity to object to award of fees for any duplicated efforts when Plaintiffs seek attorneys's fees if they prevail here, and Plaintiffs' counsel are mindful of their obligation not to duplicate effort. (Doc. #1152 at 6 n.5.)

Defendants also ask the court to decide now whether Defendants' will be responsible for any attorneys' fees and costs incurred by Ms. Hill, Ms. Winter, and Ms. Winter's predecessor, David Fathi, prior to their appointment as class counsel. It is premature for the court to do so. If the parties enter into an agreement regarding attorneys' fees, they may reach agreement on this issue. If the parties do not otherwise agree, the court need not decide it unless and until the court has authority to award attorneys' fees under the applicable statutes.

IT IS THEREFORE ORDERED that Defendants' Motion to Reconsider Order Appointing Debra Hill and Margaret Winter as Class Counsel (doc. # 1231) is granted to the extent that the court has provided Defendants opportunity to be heard on Plaintiffs' Motion for Appointment of Debra Hill and Margaret Winter as Class Counsel (doc. # 1212) and denied in all other respects.

IT IS FURTHER ORDERED that the order of April 1, 2008 (doc.# 1221) is reaffirmed, as clarified by this order

DATED this 16th day of April, 2008.

_____
Neil V. Wake
United States District Judge