1    **WO**

2

3

4

5

6                 IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9    Damian Hart, et al.                  )    No. CV-77-0479-PHX-NVW
                                          )
10             Plaintiff,                 )    **ORDER**
                                          )
11   vs.                                  )
                                          )
12                                        )
     Tom Agnos, et al.                    )
13                                        )
               Defendant.                 )
14                                        )
                                          )
15   _____      )
                                          )
16

17         The court has reviewed Defendants' Notice of Filing (doc. # 1235), Plaintiffs'

18   Request for Status Conference (doc. #1237), and Plaintiffs' Fifth Pending Motions

19   Notification (doc. #1210).  Pending before the court are the following motions:

20         •    Defendants' Renewed Motion to Terminate (doc. #906);

21         •    Plaintiffs' Omnibus Motion (doc. #1142);

22         •    Motion to Compel Production of Documents (doc. #1165);

23         •    Motion for Sanctions Against Defendants and Their Counsel (doc. #1178);

24         •    Plaintiff's Motion for Oral Argument on Motion to Compel (doc. #1179);

25         •    Plaintiffs' Request for Status Conference (doc. #1180);

26         •    Motion to Compel Supplemental Responses to First Request for Production of

27              Document (doc. #1181);

28

- Plaintiffs' Motion to Refer Discovery Matters to Magistrate Judge (doc. #1184);
- Motion to Expedite Consideration of Motion for Appointment of Class Counsel and Consideration of All Pending Motions (doc. #1213);
- Plaintiffs' Motion for Prior Notice and Other Procedural Safeguards in the Event of a Court Viewing of the Maricopa County Jail Premises (doc. #1214);
- Defendants' Motion to Strike (doc. #1224);
- Plaintiffs' Request for Status Conference (doc. #1237).

The court will rule upon all of the motions and requests identified above except for Defendants' Renewed Motion to Terminate (doc. #906), order the parties to meet and prepare a joint Case Management Report, order a Case Management Conference, order a Final Pre-Hearing Conference, and set an evidentiary hearing date of **August 12, 2008**.

**I.     Rulings on Pending Motions**

**A.     Motion to Expedite Consideration of Motion for Appointment of Class Counsel and Consideration of All Pending Motions (Doc. #1213)**

On April 1, 2008, Judge Earl H. Carroll appointed Debra Hill of Osborn Maledon, P.A., and Margaret Winter of the ACLU National Prison Project to be counsel for the Plaintiffs' class.  (Doc. #1221.)  On April 8, 2008, Defendants moved the court to reconsider the appointment Order.  (Doc. #1231.)  Following transfer of the case to this court on April 10, 2008 (doc. #1234), the court treated Defendants' motion for reconsideration as a response, considered Defendants' arguments, denied the motion in all other respects, and reaffirmed the appointment Order on April 16, 2008.  (Doc. #1239.) Plaintiffs' request for an order expediting briefing on class counsel appointment therefore is now moot.

The court agrees with Plaintiffs that all pending motions must be resolved promptly.  For many of these motions, however, it is much too late to refer to their resolution now as "expedited."  The court will resolve all pending motions either by this

- 2 -

Order or according to the process and schedule outlined below.  The court therefore will deny Plaintiffs' motion to expedite as moot.

**B.   Plaintiffs' Motion for Prior Notice and Other Procedural Safeguards in the Event of a Court Viewing of the Maricopa County Jail Premises (Doc. #1214)**

The court will deny as moot Plaintiffs' motion regarding a court viewing of the Maricopa County Jail, which was based upon comments by Judge Carroll that he might visit the jail without prior notice to the parties.  The court will be deciding this case as the trier of fact governed by the Federal Rules of Civil Procedure and Federal Rules of Evidence.  In the event it becomes necessary for the court to conduct a portion of an evidentiary hearing at any of the Maricopa County Jail facilities, the court will so direct in its pre-hearing orders.

**C.   Defendants' Motion to Strike (Doc. #1224) Letter from Terry Peltz (Doc. #1211)**

Defendants move to strike a letter sent to Judge Carroll from Terry Peltz (doc. #1211).  The court will grant Defendants' motion (doc. #1224) because Mr. Peltz has not been joined as an individual party, and if he is a member of Plaintiffs' class, he should be communicating to the court only through class counsel.

**D.   Plaintiffs' Motion to Refer Discovery Matters to Magistrate Judge (Doc. #1184)**

The court has reviewed Plaintiffs' motion to refer discovery matters to a magistrate judge (doc. #1184) and Defendants' response (doc. #1185).  The court will decline to refer discovery matters to a magistrate judge to ensure prompt resolution of all issues impeding final resolution of this case.

**E.   Plaintiffs' Omnibus Motion (Doc. #1142) and Discovery Motions**

Plaintiffs' Omnibus Motion asks the court to:  (1) appoint a health care expert and an environmental health and safety expert under Fed. R. Evid. 706 to investigate current conditions; (2) compel Defendants to permit Plaintiffs' mental health and corrections experts to inspect the Jail; and (3) compel the Defendants to produce a number of relevant documents.  (Doc. #1142 at 2.)  In addition, Plaintiffs have filed a Motion to Compel

1   Production of Documents (doc. #1165); Motion for Sanctions Against Defendants and

2   Their Counsel (doc. #1178); Plaintiff's Motion for Oral Argument on Motion to Compel

3   (doc. #1179); and Motion to Compel Supplemental Responses to First Request for

4   Production of Document (doc. #1181).  The parties also have filed an Amended

5   Stipulation for Protective Order (doc. #1169), which has not yet been approved and

6   ordered by the court.  The parties dispute, as threshold issues, which party bears the

7   burden of proof, what is the relevant time period for proving the "current and ongoing

8   violation of the Federal right" for termination of the Amended Judgment under 18 U.S.C.

9   § 3626(b), whether an evidentiary hearing is required, and whether the Amended

10  Judgment is automatically stayed under 18 U.S.C. § 3626(e).

11              **1.   Burden of Proof, Relevant Time Period, Need for Evidentiary**
                       **Hearing, and PLRA Automatic Stay**
12
13          This 1977 class action against Maricopa County and the Maricopa County

14  Sheriff's Office regarding jail conditions for pretrial detainees resulted in the January 10,

15  1995 entry of the Amended Judgment, a consent decree negotiated by the parties that

16  expressly did not represent a judicial determination of any constitutionally mandated

17  standards applicable to the jails.  (Doc. #705 at 2, ¶ 2.)  Pursuant to the Prison Litigation

18  Reform Act ("PLRA"), 18 U.S.C. § 3626 and 42 U.S.C. § 1997e, Defendants filed a

19  motion to terminate the Amended Judgment in 1998 (doc. #755) and later renewed their

20  motion to terminate on September 25, 2001 (doc. #821).  On September 12, 2002, Judge

21  Carroll denied Defendants' motion to terminate without prejudice subject to findings to

22  be entered following an evidentiary hearing.  (Doc. #840.) On November 14, 2003,

23  Defendants filed a pre-hearing memorandum in support of a renewed motion to terminate,

24  which operates as Defendants' current motion to terminate the Amended Judgment.

25  (Doc. #906.)  The parties raise the following threshold issues in the pending motions:

26          a.    Status of Amended Judgment.  The PLRA provides that any order for

27  prospective relief regarding prison conditions is *terminable*, not terminated, upon the

28  motion of any party or intervener two years after the court granted or approved the

1    prospective relief, one year after the court has entered an order denying termination of

2    prospective relief under the PLRA, or two years after the enactment of the PLRA for

3    previous orders.  18 U.S.C. § 3626(b)(1).  Subsection (b)(2) provides the defendant or

4    intervener shall be entitled to "immediate" termination, regardless of when the order was

5    issued, but "a district court cannot terminate prospective relief without determining

6    whether the existing relief (in whole or in part) exceeds the constitutional minimum."

7    *Gilmore v. California*, 220 F.3d 987, 1007 (9th Cir. 2000).  The statute limits the scope of

8    federal jurisdiction to enforce the prospective aspect of final judgments in prison

9    conditions cases, but it does not require the termination of consent decrees or other final

10   judgments.  *Id.* at 1001.  The PLRA, therefore, is not self-executing.  A judge must decide

11   which, if any, provisions of the Amended Judgment must be terminated under the statute.

12         Further, although subsection (b)(2) provides for immediate termination of any

13   prospective relief if the relief was approved or granted in the absence of certain findings,

14   it is not necessary that the explicit findings were made, "so long as the record, the court's

15   decision ordering prospective relief, and the relevant caselaw fairly disclose that the relief

16   actually meets the § 3626(b)(2) narrow tailoring standard."  *Gilmore*, 220 F.3d at 1007

17   n.25.  "If existing relief was so crafted according to the record and relevant caselaw, the

18   findings required by the statute are implicit in the court's judgment."  *Id.*

19         b.   PLRA Automatic Stay.  The PLRA requires the court to "promptly rule on any

20   motion to modify or terminate prospective relief in a civil action with respect to prison

21   conditions."  18 U.S.C. § 3626(e)(1).  The motion will automatically operate as a stay

22   beginning thirty days after it is filed, and the court may postpone the effective date of an

23   automatic stay for good cause for not more than sixty additional days.  18 U.S.C.

24   § 3626(e)(2) & (3).  "Once the 90-day period has passed, the § 3626(b) motion 'shall

25   operate as a stay' until the court rules on the § 3626(b) motion."  *Miller v. French*, 530

26

27

28

1   U.S. 327, 340 (2000).  Thus, the prospective relief granted in the Amended Judgment is

2   stayed and has been since at least 2003.[1]

3          c.   <u>Burden of Proof</u>.  Defendants bear the burden of proving their motion to

4   terminate the Amended Judgment.  Under the PLRA, a defendant "shall be entitled to the

5   immediate termination of any prospective relief if the relief was approved or granted in

6   the absence of a finding by the court that the relief is narrowly drawn, extends no further

7   than necessary to correct the violation of the Federal right, and is the least intrusive means

8   necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(b)(2).

9   However, subsection (b)(2) is limited by subsection (b)(3):   "Prospective relief shall not

10  terminate if the court makes written findings based on the record that prospective relief

11  remains necessary to correct a current and ongoing violation of the Federal right, extends

12  no further than necessary to correct the violation of the Federal right, and that the

13  prospective relief is narrowly drawn and the least intrusive means to correct the

14  violation."  18 U.S.C. § 3626(b)(3).

15         Under the PLRA termination provisions, the party seeking to terminate the

16  prospective relief bears the burden of proving, with "careful application of law to fact,"

17  that the relief ordered exceeds the constitutional minimum:

18         First, nothing in the termination provisions can be said to shift the burden of
           proof from the party seeking to terminate the prospective relief.  Second,
19         and more importantly, although § 3626(b)(2) speaks of 'immediate
           termination,' and although § 3626(e)(1) requires a 'prompt' ruling, a district
20         court cannot terminate prospective relief without determining whether the
           existing relief (in whole or in part) exceeds the constitutional minimum.
21         And, consistent with § 3626(b)(3), a district court cannot terminate or
           refuse to grant prospective relief necessary to correct a current and ongoing
22         violation, so long as the relief is tailored to the constitutional minimum.
           Thus, unless plaintiffs do not contest defendants' showing that there is no
23         current and ongoing violation under § 3626(b)(3), the court must inquire
           into current conditions at a prison before ruling on a motion to terminate.  If
24         the existing relief qualifies for termination under § 3626(b)(2), but there is a

25

26         [1] Judge Carroll's April 1, 2008 Order that Defendants produce reports specified in the
    Amended Judgment within thirty days of the Order expressly does so to facilitate discovery
27  and resolution of Defendants' termination motion and not to enforce the Amended Judgment
    itself.  (Doc. #1220.)
28

> current and ongoing violation, the district court will have to modify the
> relief to meet the Act's standards.  It is plain that each of these steps
> requires real adjudication–the careful application of law to fact–not the
> wooden ratification of a legislatively prescribed conclusion.

*Gilmore v. California*, 220 F.3d 987, 1007-08 (9th Cir. 2000) (footnote omitted).  Thus,

Defendants bear the burden of proving both (1) prospective relief granted by the

Amended Judgment exceeds the constitutional minimum and (2) prospective relief is not

necessary to correct a current and ongoing violation of pretrial detainees' constitutional

rights.  Both Defendants and Plaintiffs must disclose information they intend to offer at

the evidentiary hearing by dates that will be established in a Case Management Order.

      d.   <u>Relevant Time Period and Need for Evidentiary Hearing</u>.  To make the

findings required to terminate prospective relief, the court must take evidence on current

jail conditions, at least with respect to those remedies Plaintiffs do not concede

Defendants are in compliance with constitutional requirements.  *See Gilmore*, 220 F.3d at

1010.  Evidence of "current and ongoing" violations must reflect conditions "as of the

time termination is sought."  *Id.*; *accord Pierce v. Orange County*, __ F.3d __, 2008 WL

762072  (9th Cir. Mar. 24, 2008) (PLRA termination standard requires assessment of the

legal and factual circumstances at the time termination is sought).  Although Defendants

have been seeking termination since 1998, the court's findings must be based on current

evidence.  Therefore, the court concludes that an evidentiary hearing is necessary to make

findings based on a current record.  The court will hold the evidentiary hearing beginning

August 12, 2008, and the court will order the parties to jointly plan for appropriate

discovery regarding jail conditions during the period of July 1, 2007, through June 30,

2008.

      **2.   Rule 706 Experts**

      In their Omnibus Motion Plaintiffs move for appointment of a health care expert

and an environmental health and safety expert pursuant to Fed. R. Civ. P. 706.  (Doc.

#1142.)  Rule 706 permits the court to appoint expert witnesses to perform duties directed

by the court and to order that the witnesses be compensated by the parties in such

1   proportion and at such time as the court directs.  Nothing in the rule limits parties in

2   calling expert witnesses of their own selection.  Fed. R. Civ. P. 706(d).

3          Courts do not commonly appoint an expert pursuant to Rule 706 and usually do so

4   only in "exceptional cases in which the ordinary adversary process does not suffice" or

5   when a case presents compelling circumstances warranting appointment of an expert.  *In*

6   *re Joint E. & S. Dists. Asbestos Litigation*, 830 F. Supp. 686, 693 (E.D.N.Y. 1993);

7   *Carranza v. Fraas*, 471 F. Supp. 2d 8, 9 (D.D.C. 2007).  Plaintiffs have made no showing

8   that the evidence or claims here are so complex that the appointment of a court expert is

9   necessary or that this case presents compelling circumstances warranting the appointment

10  of experts.  *See Carranza*, 471 F. Supp. 2d at 10; *Ledford v. Sullivan*, 105 F.3d 354, 358-

11  59 (7th Cir. 1997) (district court did not abuse its discretion by denying request to appoint

12  expert under Rule 706 where factual issues were not so complicated that an expert was

13  required); *Georgia-Pacific Corp. v. United States*, 640 F.2d 328, 334-35 (Ct. Cl. 1980)

14  (trial judge did not abuse its discretion by denying appointment of experts where judge

15  concluded additional experts would not serve to elucidate, clarify, or enlighten him, but

16  instead would add more divergence and opinion differences in a cumulative manner).

17  The court, therefore, will deny the portion of Plaintiffs' Omnibus Motion requesting

18  appointment of Rule 706 experts.

19                    **3.   Plaintiffs' Experts' Opportunity to Inspect**

20         The court will grant in part the portion of Plaintiffs' Omnibus Motion requesting

21  the court to compel Defendants to permit Plaintiffs' experts to inspect Maricopa County

22  Jail facilities, but the court will issue specific orders regarding expert inspections as part

23  of the Case Management Order to issue following the Case Management Conference.  As

24  directed below, the court will order the parties to include in their joint Case Management

25  Report proposed terms for these inspections.

26                    **4.   Plaintiffs' Request for Scheduling Order Providing Six-Month
                             Discovery Period and Resumed Evidentiary Hearing**

27

28

1    The court will grant Plaintiffs' request for a scheduling order, which will issue

2    after the court has received the parties' joint Case Management Report ordered below and

3    held the Case Management Conference with the parties.  The court will deny Plaintiffs'

4    request for a six-month discovery period and a resumed evidentiary hearing.

5    Having determined that the relevant time period for evidence of "current and

6    ongoing" constitutional violations is July 1, 2007, through June 30, 2008, the court finds

7    that evidence presented in November 2003 and January 2004 cannot be assumed to be

8    relevant.  Therefore, the court will not "resume" the 2003-2004 evidentiary hearing, but

9    instead will hold a new evidentiary hearing on **August 12, 2008**.  If a party wishes to

10   offer evidence in the 2008 hearing that was presented during the unfinished 2003-2004

11   evidentiary hearing, the offering party must prove its relevance and admissibility.

12   The discovery period will be less than six months.  The PLRA plainly conveys

13   congressional intent that termination of prospective relief regarding prison conditions be

14   decided swiftly by referring to termination as "immediate," requiring the court to rule

15   "promptly," and providing mandamus to remedy any failure to issue a prompt ruling on a

16   termination motion.  18 U.S.C. § 3626(b)(2), (b)(3), & (e)(1).  Further, the statute's thirty-

17   day period before a termination motion automatically stays prospective relief indicates

18   Congress intended that this "prompt" and "immediate" ruling be made within thirty days

19   in most cases.  *See id.* at § 3626(e)(2)(A)(i).  The statute permits the court to postpone the

20   effective date of the automatic stay for an additional sixty days, but only for good cause,

21   and not because of general congestion of the court's calendar.  *Id.* at § 3626(e)(3); *see*

22   *also Miller*, 530 U.S. at 350 ("Through the PLRA, Congress clearly intended to make

23   operation of the automatic stay mandatory, precluding courts from exercising their

24   equitable powers to enjoin the stay.").  The court, therefore,  will order the parties to

25   propose a case management plan that includes discovery ending in time for the parties to

26   prepare for the August 12, 2008 evidentiary hearing.

27            **5.    Discovery Motions and Stipulated Protective Order**

28

1    In their Omnibus Motion filed May 30, 2006, Plaintiffs requested that Defendants
2    be compelled to produce documents requested in April 2004, but state that in March 2006
3    they limited their requests to recent years.  (Doc. #1142 at 5 & n.5.)  Two of the
4    categories of documents are reports required by the Amended Judgment.  (Doc. #1142-2,
5    Exh. B.)  On April 1, 2008, Judge Carroll ordered that Defendants produce within thirty
6    days reports specified in the Amended Judgment to the extent not previously provided.
7    (Doc. #1220.)
8        In addition, Plaintiffs filed a Motion to Compel Production of Documents on
9    October 10, 2006 (doc. #1165), a Motion for Sanctions Against Defendants and Their
10   Counsel on November 21, 2006 (doc. #1178), and a Motion to Compel Supplemental
11   Responses to First Request for Production of Document on November 30, 2006 (doc.
12   #1181).  Regarding these motions, the parties have disputed issues that are clarified by
13   this Order, *e.g.*, the relevant time period for evidence of "current" jail conditions, and
14   other issues that now are moot, *e.g.*, their obligations under Magistrate Judge Sitver's
15   September 30, 2005 Order (doc. #1105) and subsequent orders to stay (doc. #1120) and
16   then lift the stay on Judge Sitver's Order on September 29, 2006 (doc. #1164).
17   Moreover, it is unclear how Plaintiffs would have been able to identify specific areas of
18   current constitutional concern taking into account the opening of new jails in 2005 before
19   they had obtained discovery regarding jail conditions in 2005 and how Defendants could
20   produce confidential documents before a protective order was entered.  Further, Plaintiffs
21   acknowledged that they no longer needed information for some of the years requested.
22   When the parties prepare their joint Case Management Report, in light of the court's
23   rulings in this Order, the parties will be better able to determine what, if any, of the
24   discovery requested in 2006 remains outstanding and relevant.  As part of their discovery
25   planning, the parties are directed to review the Amended Stipulation of the Parties for a
26   Protective Order (doc. #1169), revise as appropriate, and file a new stipulation and
27
28

proposed protective order for the court's approval.[2]  The court, therefore, will deny

Plaintiffs' three discovery motions (docs. ##1165, 1178, 1181), their requests for oral

argument (docs. ##1178, 1179), and the portions of the Omnibus Motion regarding

discovery (doc. #1142) without prejudice.

Because it is not apparent from these discovery motions that the parties have

consistently complied with LRCiv 7.2(j), the parties are reminded:

> No discovery motion will be considered or decided unless a statement of
> moving counsel is attached thereto certifying that after personal
> consultation and sincere efforts to do so, counsel have been unable to
> satisfactorily resolve the matter.  Any discovery motion brought before the
> Court without prior personal consultation with the other party and a sincere
> effort to resolve the matter, may result in sanctions.

Personal consultation requires face-to-face communication, or at least telephone

communication.  Letters, faxes, and e-mails are insufficient.

### F.   Plaintiffs' Requests for Status Conference (Docs. ##1180, 1237)

The court will grant Plaintiffs' requests for status conference.

## II.   Case Management

### A.   Case Management Conference and Report

A Case Management Conference will be set for **May 19, 2008**, **at 3:00 p.m.**, to

prepare for the August 12, 2008 evidentiary hearing on Defendants' Renewed Motion to

Terminate the Amended Judgment (doc. #906).  Trial counsel who will be responsible for

representing each party at the evidentiary hearing shall appear and participate in the Case

Management Conference and shall have authority to enter into stipulations regarding all

matters that may be discussed.  During or after the Case Management Conference, the

court will enter a Case Management Order.

In preparation for the Case Management Conference, the parties are directed to

meet and confer no later than **May 12, 2008**.  It is the responsibility of Defendants, the

moving parties, to initiate the case management planning meeting and preparation of the

---

[2]  It appears that Defendants have produced confidential documents under the terms
of the proposed protective order.  (*See* doc. #1175.)

Case Management Report.  The parties will exchange their written proposals for the Case Management Report **at least two business days** before the parties meet and confer.  At this meeting the parties shall develop a joint Case Management Report that contains the following information in separately numbered paragraphs:

1.    The parties who attended the case management planning meeting and assisted in developing the Case Management Report;

2.    A brief description of "current and ongoing" jail conditions that Plaintiffs' allege, based on incomplete discovery, require prospective relief under the PLRA;

3.    Identification of specific prospective relief provided by the Amended Judgment (with paragraph references) that Defendants contend are not enforceable under the PLRA and for each contention, a brief description of Defendants' basis for the contention and whether Plaintiffs agree with Defendants' contention (*e.g.*, "exceeds constitutional minimum,"  "constitutionally required, but no violation," "constitutionally required, but isolated incident that does not constitute current and ongoing violation");

4.    A description of necessary discovery, including an initial identification of subject areas likely to be relevant to determination of constitutional violations (*e.g.*, access to the court, religious expression, medical services, physical exercise, safety), the number and types of experts needed by each side, terms for permitting Plaintiffs' experts opportunity to inspect jail conditions and interview pretrial detainees, and whether the parties will need to depose experts, bearing in mind that any discovery will be conducted in time for the August 12, 2008 hearing;

5.    A stipulation and proposed protective order, if needed;

6.    The estimated amount of time needed for the August 12, 2008 evidentiary hearing;

7.    Proposed specific dates for completion of discovery and Rule 26(a)(3) disclosure with adequate time to exchange exhibits and drafts of the Proposed Final Pre-Hearing Order by July 28, 2008, in preparation for the Final Pre-Hearing Conference on August 4, 2008, at 1:30 p.m.; and

1    8.    Any other matter that will aid the court and parties in resolving this case

2  promptly.

3          The parties shall jointly file the Case Management Report with the Clerk no later

4  than **May 15, 2008**.

5          **B.   Final Pre-hearing Conference and Proposed Final Pre-Hearing Order**

6          The Final Pre-Hearing Conference will be set for **August 4, 2008, at 1:30 p.m.**

7  Trial counsel who will be responsible for representing each party at the evidentiary

8  hearing shall attend the Final Pre-Hearing Conference.  The parties jointly shall prepare a

9  Proposed Final Pre-Hearing Order and shall lodge it with the court no later than **4:00**

10  **p.m. on July 30, 2008**.  The parties shall submit a copy of the Proposed Final Pre-

11  Hearing Order to the court in WordPerfect® 9.0 or higher (or compatible) format by

12  email to Wake_Chambers@azd.uscourts.gov.

13          The Proposed Final Pre-Hearing Order shall include the information prescribed in

14  the Proposed Final Pretrial Order for Bench Trial form found at www.azd.uscourts.gov

15  under Judges & Courtrooms/Orders, Forms and Procedures/Judge Wake.  Information

16  shall not be set forth in the form of a question, but shall be presented in concise narrative

17  statements.

18          Pursuant to Fed. R. Civ. P. 37(c), the court will not allow the parties to offer any

19  exhibit, witness, or other evidence that was not disclosed in accordance with the

20  provisions of this Order and the Federal Rules of Civil Procedure and listed in the

21  Proposed Final Pre-Hearing Order, except to prevent manifest injustice.

22          The parties shall exchange drafts of the Proposed Final Pre-Hearing Order no later

23  than **July 28, 2008**.  The parties shall (a) meet in person and exchange copies of all

24  exhibits to be used at the evidentiary hearing no later than **July 28, 2008**, and (b)

25  eliminate any duplicate exhibits while meeting to exchange exhibits.  Defendants shall

26  have the burden of initiating communications concerning the Proposed Final Pre-Hearing

27  Order.  Any exhibit not exchanged at this meeting shall be precluded at the evidentiary

28  hearing.

1    Each party shall lodge proposed findings of fact and conclusions of law with the

2    Proposed Final Pre-Hearing Order no later than **July 28, 2008**.  The proposed findings of

3    fact and conclusions of law shall also be submitted in WordPerfect® 9.0 or higher (or

4    compatible) format by email to Wake_Chambers@azd.uscourts.gov.

5

6    IT IS THEREFORE ORDERED that Motion to Expedite Consideration of Motion

7    for Appointment of Class Counsel and Consideration of All Pending Motions (doc.

8    #1213) is denied.

9    IT IS FURTHER ORDERED that Plaintiffs' Motion for Prior Notice and Other

10   Procedural Safeguards in the Event of a Court Viewing of the Maricopa County Jail

11   Premises (doc. #1214) is denied.

12   IT IS FURTHER ORDERED that Defendants' Motion to Strike (doc. #1224) is

13   granted.

14   IT IS FURTHER ORDERED that Plaintiffs' Motion to Refer Discovery Matters to

15   Magistrate Judge (doc. #1184) is denied.

16   IT IS FURTHER ORDERED that Plaintiffs' Omnibus Motion (doc. #1142) is

17   granted in part and denied in part as follows:

18      1.  Defendants bear the burden of proof on their motion to terminate prospective

19          relief provided in the Amended Judgment.

20      2.  The motion to terminate will be decided based on jail conditions during the

21          period of July 1, 2007, through June 30, 2008.

22      3.  An evidentiary hearing on the motion to terminate is set for August 12, 2008,

23          which will not resume the 2003-2004 evidentiary hearing.

24      4.  The request for appointment of Rule 706 experts is denied.

25      5.  Plaintiffs' experts will be permitted to inspect Maricopa County Jail facilities

26          but only as provided by agreement of the parties or further order.

27      6.  The discovery period will be concluded in time for the August 12, 2008

28          evidentiary hearing.

1      7.    Plaintiffs' motion to compel within their Omnibus Motion is denied without

2            prejudice.

3            IT IS FURTHER ORDERED that Plaintiffs' Motion to Compel Production of

4      Documents (doc. #1165), Motion for Sanctions Against Defendants and Their Counsel

5      (doc. #1178), Motion to Compel Supplemental Responses to First Request for Production

6      of Document (doc. #1181), and Motion for Oral Argument on Motion to Compel (doc.

7      #1179) are denied without prejudice.

8            IT IS FURTHER ORDERED that Plaintiffs' Requests for Status Conference

9      (docs. ##1180, #1237) are granted.

10           IT IS FURTHER ORDERED that the parties are to meet and confer as described

11     above no later than **May 12, 2008**, and shall exchange their written proposals for the Case

12     Management Report at least two business days before meeting.

13           IT IS FURTHER ORDERED that the parties are to file a Case Management

14     Report no later than **May 15, 2008**.

15           IT IS FURTHER ORDERED that a Case Management Conference be held on

16     **May 19, 2008, at 3:00 p.m.**

17           IT IS FURTHER ORDERED that the parties shall exchange drafts of the Proposed

18     Final Pre-Hearing Order by **July 28, 2008**, and shall jointly prepare a Proposed Final Pre-

19     Hearing Order and lodge it with the court no later than **4:00 p.m. on July 30, 2008**.

20

21

22

23

24

25

26

27

28

1        IT IS FURTHER ORDERED that a Final Pre-Hearing Conference be held on

2    **August 4, 2008 at 1:30 p.m.**

3        IT IS FURTHER ORDERED that the evidentiary hearing on Defendants' motion

4    to terminate the Amended Judgment be held on **August 12, 2008 at 9:00 a.m.**.

5

6

7                    DATED this 24th day of April, 2008.

8

9

10    _____
                        Neil V. Wake
11                 United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 16 -