**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fred Graves, Isaac Popoca, on their own behalf and on behalf of a class of all pretrial detainees in the Maricopa County Jails,<br><br>    Plaintiffs,<br><br>vs.<br><br>Joseph Arpaio, Sheriff of Maricopa County; Fulton Brock, Don Stapley, Andrew Kunasek, Max W. Wilson, and Mary Rose Wilcox, Maricopa County Supervisors;<br><br>    Defendants. | No. CV-77-0479-PHX-NVW<br><br>**ORDER** |

Before the Court is Plaintiffs' Amended Application for Attorneys' Fees and Related Non-taxable Expenses for Work Performed December 6, 2008 Through April 30, 2009 (doc. #1801 amended by doc. #1826).

On April 20, 2009, under 42 U.S.C. §§ 1988 and 1997e(d), the Court granted Plaintiffs' motion for attorneys' fees and non-taxable costs in the amount of $1,239,491.63 for fees and $123,221.77 for non-taxable costs, plus interest on the award at the federal judgment rate accruing from October 22, 2008. (Doc. #1799.) The Court further ordered that Plaintiffs could claim by May 6, 2009, additional fees and expenses accrued since December 5, 2008, and that the Court would then direct entry of judgment in the total amount awarded, with interest from October 22, 2008. In response to

Plaintiffs' application for fees and expenses accrued after December 5, 2008, Defendants objected to (1) the hourly rate requested, (2) time spent discussing settlement issues with attorneys who do not represent Defendants, (3) fees and costs for allegedly unnecessary work and expenses, and (4) interest accrued from October 22, 2008. (Doc. #1809.) In their Reply, Plaintiffs withdrew their request for interest accrued from October 22, 2008, reduced their request for non-taxable costs by $448.91 for a clerical error, and submitted additional documentation supporting their requested hourly rate. (Doc. #1822.) Because the additional documentation indicated the requested hourly rate became effective January 1, 2009, not October 1, 2008, as Plaintiffs initially contended, the Court ordered Plaintiffs leave to amend their fee application accordingly. (Doc. #1823.) As amended, Plaintiffs request award of $97,029.55 in attorneys' fees and $4,970.52 in non-taxable costs with statutory interest from entry of the Order until the award is paid.

**1. Current Maximum Hourly Rate**

Under 42 § 1997e(d)(3), the hourly rate on which Plaintiffs' attorneys' fee award is based may not exceed 150 percent of the hourly rate established under § 3006A of Title 18 for court-appointed counsel. The hourly rate "established under § 3006A" is the amount authorized by the Judicial Conference, not the amount actually appropriated by Congress to compensate court-appointed counsel in criminal proceedings. *Webb v. Ada County*, 285 F.3d 829, 839 (9th Cir. 2002).

Plaintiffs' amended application for attorneys' fees is based on an hourly rate equal to 150% of $118.00, which is $177.00, effective January 1, 2009, and on an hourly rate of $169.50 prior to January 1, 2009. Defendants objected to Plaintiffs' initial fee application as not providing sufficient authority that the hourly rate had increased from $169.50 to $177.00. Plaintiffs supported their initial application with the Statement of Honorable Julia S. Gibbons Before the Subcommittee on Financial Services and General Government of the House Committee on Appropriations on March 12, 2008, which conveys the Judicial Conference's request of "$17.5 million to increase the non-capital panel attorney rate to $118 per hour, effective January 2009." Subsequently, Plaintiffs'

counsel obtained from the Administrative Office of the United States Courts additional documentation of the Judicial Conference's request to Congress for an increase in the hourly rates for court-appointed counsel for FY 2009 and FY 2010. Attached to Plaintiffs' Reply are extracts from the Judiciary's Congressional Budget Summary showing the Judiciary's budget request for panel attorney payments, including $17.5 million sought to increase the panel attorney non-capital rate to $118 per hour, effective January 1, 2009. (Doc. #1822-2 at 6.)

Thus, effective January 1, 2009, the hourly rate "established under § 3006A" is $118, and the maximum hourly rate for fee awards under 42 § 1997e(d)(3) is $177.00.

### 2. Time Spent Discussing Settlement Issues with Attorneys Who Do Not Represent Defendants

Under the heading, "PLAINTIFFS ARE NOT ENTITLED TO ATTORNEYS' FEES FOR WORK INVOLVING SETTLEMENT WITH COUNSEL OTHER THAN COUNSEL OF RECORD," Defendants object to attorneys' fees for "5.2 hours on settlement issues" without identifying any specific time entries to which they object. Defendants contend that "Plaintiffs have been exploring and discussing 'settlement' with Mike Manning and Tom Irvine, neither of whom are counsel of record and neither of whom represent Sheriff Arpaio or the Board Defendants."

However, Plaintiffs' billing records show only four time entries mentioning Tom Irvine, none of which refer to "settlement." On March 19, 2009, D. Hill billed 0.2 hours for "conference with Peggy Winter re possible co-counsel of Tom Irvine and effects of same." On March 31, 2009, L. Hammond billed 0.5 hours for "Review all open issues and plan for meeting with Irvine." On April 22, 2009, L. Hammond billed 0.8 hours for "Telephone conference with Tom Irvine and office conference with Debbie Hill regarding same." On April 22, 2009, D. Hill billed 0.3 hours for "Conference with Larry Hammond re conference with Tom Irvine; email to Tom Irvine forwarding attorneys' fees order."

Plaintiffs' billing records include several time entries involving Mike Manning's declaration regarding attorneys' fees and hourly rates in support of Plaintiffs' initial fee

- 3 -

application, but only two entries that refer to "settlement." On January 8, 2009, D. Hill billed 0.3 hours for "extended conference with Mike Manning re possible settlement strategy." On January 12, 2009, D. Hill billed 0.1 hours for "conference with Mike Manning re possible settlement of case." No fees are requested for Manning's time. Charging 0.4 hours for consulting with an outside attorney regarding a possible settlement strategy is not unreasonable or excessive.

### 3. Fees and Costs for Allegedly Unnecessary Work and Expenses

Defendants object to 13.3 hours billed by Osborn Maledon, but do not identify specific time entries to which they object and do not present credible bases for their objections. They state, "Plaintiffs' counsel represents the class and therefore has access to the class," and so it is unnecessary for Plaintiffs' counsel to communicate with criminal defense attorneys representing individual Plaintiffs. But they also contend it is unnecessary for Plaintiffs to communicate with individual Plaintiffs or their families because at this stage of the proceedings, Plaintiffs' counsel needs only to monitor compliance with the Second Amended Judgment. Defendants further argue that by answering individual Plaintiffs' telephone calls and reading their letters, Plaintiffs' counsel have positioned themselves for a windfall. But charging 0.1 hours for each telephone call answered or letter read at below market rates cannot be considered a windfall.

Moreover, Plaintiffs' counsel are not merely "monitoring compliance" where Defendants have not yet reached compliance with the Second Amended Judgment. Under 42 U.S.C. § 1997e(d)(1), Plaintiffs' counsel are entitled to fees "directly and reasonably incurred in enforcing the relief ordered for the violation [of the plaintiff's rights]." They are entitled to fees incurred communicating with individual Plaintiffs, the families, and their defense attorneys. Further, they are entitled to reimbursement of $225.00 paid for a private investigator to obtain public records of fees paid to Defendants' attorneys for the purpose of establishing the reasonableness of Plaintiffs' attorneys fees.

1    Defendants also object to attorneys' fees and costs related to Plaintiffs' counsel
2    Margaret Winter traveling to Phoenix for court proceedings instead of appearing
3    telephonically. Winter's personal appearance was not unreasonable in light of the
4    purpose, length, and significance of the proceedings and the need for consultation among
5    all of the attorneys during the proceedings to resolve certain issues that arose during the
6    proceedings.

7    Defendants also object to reimbursement of costs for Federal Express delivery
8    ($168.99), meals ($222.20), mileage, parking, and taxi services ($132.20 combined).
9    None of these is unreasonable, unnecessary, or excessive.

10   Defendants identified one non-taxable cost that appears be a duplicate billing of
11   $448.91 for "Sir Speedy - Discovery Disk Copies - 07/28/08" identified as Slip ID
12   #26796 in both the pending fee and cost application and the previous one (doc. #1747-3 at
13   143). In their Reply, Plaintiffs acknowledged this error and reduced their request for non-
14   taxable costs accordingly. Therefore, the total amount requested and to be awarded for
15   non-taxable costs is $4,970.52.

16   In conclusion, under 42 U.S.C. §§ 1988 and 1997e(d), Plaintiffs are entitled to
17   award of attorneys' fees in the amount of $97,029.55 and non-taxable costs in the amount
18   of $4,970.52 for work performed December 6, 2008, through April 30, 2009, in addition
19   to attorneys' fees in the amount of $1,239,491.63 and non-taxable costs in the amount of
20   $123,221.77 for work performed before December 6, 2008.

21   IT IS THEREFORE ORDERED that Plaintiffs' Amended Application for
22   Attorneys' Fees and Related Non-taxable Expenses for Work Performed December 6,
23   2008 Through April 30, 2009 (doc. #1801 amended by doc. #1826) is granted.

24   IT IS FURTHER ORDERED that the Clerk enter judgment pursuant to Fed. R.
25   Civ. P. 54(d) and LRCiv 54.2 in favor of Plaintiffs against Defendants in the amount of
26   **$1,239,491.63** for attorneys' fees and **$123,221.77** for non-taxable costs plus interest at
27   the federal rate from October 22, 2008, until paid.

1       IT IS FURTHER ORDERED that the Clerk enter judgment pursuant to Fed. R. Civ. P. 54(d) and LRCiv 54.2 in favor of Plaintiffs against Defendants in the amount of **$97,029.55** for attorneys' fees and **$4,970.52** for non-taxable costs plus interest at the federal rate from the date of this Order until paid.

      DATED this 1st day of July, 2009.

_____
Neil V. Wake
United States District Judge