**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fred Graves, Isaac Popoca, on their own behalf and on behalf of a class of all pretrial detainees in the Maricopa County Jails,<br><br>Plaintiffs,<br><br>vs.<br><br>Joseph Arpaio, Sheriff of Maricopa County; Fulton Brock, Don Stapley, Andrew Kunasek, Max W. Wilson, and Mary Rose Wilcox, Maricopa County Supervisors;<br><br>Defendants. | No. CV-77-0479-PHX-NVW<br><br>**ORDER** |

On October 22, 2008, Defendants' Renewed Motion to Terminate the Amended Judgment pursuant to the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626 and 42 U.S.C. § 1997e, was granted in part and denied in part, and the provisions of the Amended Judgment remaining in effect were restated in the Second Amended Judgment entered the same day. (Doc. ## 1634, 1635.) The parties had entered into a consent decree in 1981, which was superseded in 1995 by the Amended Judgment. The Second Amended Judgment consists of those provisions of the Amended Judgment for which "prospective relief remains necessary to correct a current and ongoing violation of the Federal right, extends no further than necessary to correct the violation of the Federal

right," "is narrowly drawn," and is "the least intrusive means to correct the violation."
*See* 18 U.S.C. § 3626(b)(3).

The October 22, 2008 Order also states:

> 477. The Court contemplates that the parties will confer immediately about prompt compliance with the Second Amended Judgment, and new proceedings will be brought at Plaintiffs' initiative to enforce the Second Amended Judgment if Plaintiffs are not satisfied. A status conference will be set on December 5, 2008, with written status reports due by December 2, 2008, concerning anticipated enforcement proceedings.
>
> . . . .
>
> 479. Subject to the limitations of 42 U.S.C. § 1997e(d), Plaintiffs are entitled to award of attorney fees. . . . If enforcement proceedings become necessary, future fees may be claimed and will be determined and awarded at appropriate intervals during the enforcement proceedings.
>
> . . . .
>
> IT IS FURTHER ORDERED setting a hearing on **December 5, 2008 at 11:00 a.m.** to address contemplated enforcement proceedings. The parties shall file written status reports by December 2, 2008, concerning whether Defendants are then in compliance with the Second Amended Judgment and each party's proposed proceedings or course of action concerning enforcement. This order does not preclude any party from commencing enforcement proceedings at an earlier time.

(Doc. # 1634.)

On December 5, 2008, a hearing was held regarding Defendants' areas of compliance with the Second Amended Judgment, the parties' plans for achieving compliance, and disputes regarding selection of independent medical and mental health consultants to assist Defendants in achieving compliance. On January 9, 2009, a hearing was held regarding Defendants' progress toward compliance with the nonmedical portions of the Second Amended Judgment and selection of team leaders for medical and mental health compliance efforts. On January 28, 2009, upon stipulation of the parties, the Court appointed a medical expert and a mental health expert to serve as independent evaluators of the Defendants' compliance with the medical and mental health provisions of the Second Amended Judgment. On March 27, 2009, a hearing was held to resolve the parties' dispute regarding the form of notice of the Second Amended Judgment to be

provided to jail inmates, and Defendants were ordered to propose to Plaintiffs a form of notice that would serve its intended purpose and not be overly burdensome to Defendants. On April 17, 2009, the parties filed reports indicating they were unable to reach agreement regarding posting notice of the Second Amended Judgment and stated their respective positions. On April 23, 2009, the Court issued an order regarding the form, content, and manner of notice to be provided. On June 18, 2009, the first reports regarding medical and mental health compliance were filed. On July 28, 2009, the Court heard and decided a discovery dispute regarding the terms of the independent experts' visits to the jails and other issues. On September 10, 2009, the Board Defendants lodged the experts' reports on medical and mental health compliance with the Second Amended Judgment. On September 15, 2009, the Sheriff filed notice of serving a quarterly report to Plaintiffs. On March 1, 2010, the experts' latest reports were filed.

As of March 1, 2010—sixteen months after the Second Amended Judgment was entered—significant areas of failure to comply with the Second Amended Judgment's medical and mental health requirements remain. Although progress has been made, it appears as though most of the improvements made regarding medical and mental health services have been those imposing little or no additional cost on Defendants. Improvements appearing to be most critically needed, *e.g.*, developing and implementing electronic medical records and medication management tools, increasing staffing, providing space for confidential mental health treatment, appear to have been disregarded or postponed to avoid expense. Further, the Court has not been advised whether Defendants are in compliance with the food and nutritional terms of the Second Amended Judgment.

Previous orders and numerous court proceedings in this matter have emphasized Congress's intent that constitutional violations regarding conditions of confinement be corrected expeditiously and judicial oversight terminated as swiftly as possible. The Court has repeatedly informed the parties of the importance of implementing long-overdue, constitutionally required corrections as quickly as possible, both for the benefit

- 3 -

of the Plaintiff class and to avoid expenses incurred by unnecessary delay. Because correction of constitutional violations has not proceeded expeditiously to date, the parties and counsel will be ordered to meet and confer to develop a proposed procedure for achieving and demonstrating Defendants' complete compliance with the Second Amended Judgment, including a procedure for Plaintiffs to submit fee applications at appropriate intervals to be paid promptly by Defendants. The Court's purpose is to set a procedure by which full compliance with the Second Amended Judgment is either confirmed or specific implementing remedies are ordered and complied with by the end of this calendar year. To the extent fiscal choices have to be made, the Court contemplates that compliance with the minimum requirements of the United States Constitution in the discharge of the Defendants' core function of operating the county jail will take priority over other discretionary activities of the Sheriff and the County Defendants. The parties shall jointly file a report explaining their proposed procedure by June 11, 2010.

IT IS THEREFORE ORDERED that the parties meet and confer to develop a proposed procedure and schedule for:

(1) identifying any disputes over whether Defendants are in compliance with the Second Amended Judgment,

(2) proposing procedures and timetables for any necessary discovery and presentation of disputes concerning compliance,

(3) confirming full compliance or ordering specific implementing remedies that will be achieve full compliance by the end of this year, and

(4) assuring that Plaintiffs' expenses and attorneys' fees for achieving compliance with the Second Amended Complaint are paid by Defendants at appropriate intervals without intervention of the Court or setting a schedule for presentation and judicial determination of such fee awards.

The parties shall file a report to this effect by June 11, 2010.

IT IS FURTHER ORDERED setting a hearing on the parties' proposed procedure for achieving Defendants' complete compliance with the Second Amended Judgment **June 24, 2010 at 1:30 p.m.**

DATED this 7th day of April, 2010.

_____
Neil V. Wake
United States District Judge