**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fred Graves, Isaac Popoca, on their own behalf and on behalf of a class of all pretrial detainees in the Maricopa County Jails,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Joseph Arpaio, Sheriff of Maricopa County; Fulton Brock, Don Stapley, Andrew Kunasek, Max W. Wilson, and Mary Rose Wilcox, Maricopa County Supervisors;<br><br>　　　　　Defendants. | No. CV-77-00479-PHX-NVW<br><br>**ORDER** |

Before the Court is the question of whether the Court has jurisdiction to decide Defendant Arpaio's Motion to Terminate (Doc. 1912) while his appeal is pending in the Court of Appeals. (Docs. 1909, 1910.)

**I.    Background**

This class action was brought in 1977 against the Maricopa County Sheriff and the Maricopa County Board of Supervisors, alleging that the civil rights of pretrial detainees held in the Maricopa County, Arizona, jail system had been violated. In March 1981, the parties entered into a consent decree that addressed and regulated aspects of County jail operations as they applied to pretrial detainees. In 1995, the 1981 consent decree was superseded by an Amended Judgment entered by stipulation of the parties.

On October 22, 2008, Defendants' Renewed Motion to Terminate the Amended Judgment pursuant to the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626 and 42 U.S.C. § 1997e, was granted in part and denied in part, and the provisions of the Amended Judgment remaining in effect were restated in the Second Amended Judgment entered the same day. (Docs. 1634, 1635.) The Second Amended Judgment consists of those provisions of the Amended Judgment for which the Court found "prospective relief remains necessary to correct a current and ongoing violation of the Federal right, extends no further than necessary to correct the violation of the Federal right," "is narrowly drawn," and is "the least intrusive means to correct the violation." *See* 18 U.S.C. § 3626(b)(3).

On November 21, 2008, Defendant Arpaio sought appellate review of the Second Amended Judgment. On October 13, 2010, the Ninth Circuit affirmed the Second Amended Judgment. On October 28, 2010, Defendant Arpaio filed the pending Motion to Terminate paragraphs 2-5 and 9-16 of the Second Amended Judgment. (Doc. 1912 at 4 n.4.) On November 2, 2010, Defendant Arpaio filed a petition for rehearing en banc in the Ninth Circuit.

**II.   Analysis**

    **A.   The PLRA Does Not Vest the District Court with Jurisdiction to Terminate Prospective Relief During the Pendency of an Appeal.**

Defendant Arpaio cites no authority holding that the PLRA permits the district court to exercise its authority to modify existing prospective relief while the judgment granting prospective relief is on appeal, and the Court has found none.

Any order for prospective relief regarding prison conditions is "terminable upon the motion of any party or intervener . . . 1 year after the date the court has entered an order denying termination of prospective relief" under the PLRA. 18 U.S.C. § 3626(b)(1). The PLRA further provides:

> Prospective relief shall not terminate if the court makes written findings based upon the record that prospective relief remains necessary to correct a current and ongoing violation of the Federal right, extends no further than necessary to correct the violation of the Federal right, and that the

- 2 -

      prospective relief is narrowly drawn and the least intrusive means to correct the violation.

18 U.S.C. § 3626(b)(3). To determine whether to terminate prospective relief, the district court must "take evidence on the current circumstances" regarding those remedies with which Plaintiffs do not concede that Defendants are in compliance. *Gilmore v. California*, 220 F.3d 987, 1010 (9th Cir. 2000). If prospective relief remains necessary to correct a current and ongoing violation, the district court's authority to modify the existing prospective relief includes authority to expand or diminish the existing relief. *See Pierce v. Orange County*, 526 F.3d 1190, 1204 n.13 (9th Cir. 2008). But the statute does not authorize taking evidence on current circumstances and determining whether prospective relief remains necessary to correct a current and ongoing violation, while an appeal from the prospective relief is pending.

      Moreover, § 3626(b)(4) does not authorize modification or termination of relief pending appeal. It provides: "Nothing in this section shall prevent any party or intervener from seeking modification or termination before the relief is terminable under paragraph (1) or (2), to the extent that modification or termination would otherwise be legally permissible." Here, assuming the motion has substantive merit, relief would be terminable under paragraph (1), but not otherwise legally permissible.

### B. Rule 62(c) Does Not Vest the District Court with Jurisdiction to Terminate Prospective Relief During the Pendency of an Appeal.

      With certain exceptions not present here, *see* Fed. R. App. P. 4(a)(4), the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Natural Res. Def. Council v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). Fed. R. Civ. P. 62(c) provides the district court limited jurisdiction to modify an injunction while an appeal is pending:

> While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

- 3 -

1  However, a district court possesses jurisdiction to modify the injunction while an appeal
2  is pending only to preserve the status quo:

3  [Rule 62(c)] grants the district court no broader power than it has always inherently possessed to preserve the status quo during the pendency of an
4  appeal; it does not restore jurisdiction to the district court to adjudicate anew the merits of the case. Thus, any action taken pursuant to Rule 62(c)
5  may not materially alter the status of the case on appeal.

6  *Natural Res. Def. Council*, 242 F.3d at 1166 (internal quotation marks and citations
7  omitted).

8        Defendant Arpaio contends that his motion to terminate the Second Amended
9  Judgment will not require a new adjudication of the case's merits because he already is in
10 compliance with the Second Amended Judgment and need only report his compliance to
11 the Court. As noted above, the PLRA requires the Court to "take evidence on the current
12 circumstances" regarding those remedies with which Plaintiffs do not concede that
13 Defendants are in compliance, and Plaintiffs do not concede that Defendants are in full
14 compliance with the Second Amended Judgment.

15       Defendant Arpaio summarily contends that granting or denying his motion to
16 terminate would not materially alter the status of the case on appeal. But his brief argues
17 the converse, *i.e.*, the case on appeal will not affect the determination of his motion to
18 terminate. In fact, he states:

19 If the Court of Appeals agrees with Defendant Arpaio, the decision will have no effect because Defendant Arpaio already performed and continues
20 to perform the prospective relief this Court ordered. . . . If the Appeal is granted, the only issue affected is attorneys' fees.

21
22 (Doc. 1909 at 7.) But Defendant Arpaio does not address whether termination of the
    Second Amended Judgment would affect the appeal taken from the Second Amended
23
    Judgment.
24
          Defendant Arpaio currently is required to comply with the Second Amended
25
    Judgment. Terminating the Second Amended Judgment would relieve Defendant Arpaio
26
    from compliance obligations. Although he states that he "continues to perform the
27
    prospective relief this Court ordered," he does not promise to continue to do so even if the
28

- 4 -

1  Second Amended Judgment were terminated. Thus, terminating the Second Amended
2  Judgment would not maintain the status quo.
3        IT IS THEREFORE ORDERED that Defendant Arpaio's Motion to Terminate
4  (Doc. 1912) is denied for lack of jurisdiction without prejudice to refiling it after the
5  Court of Appeals' mandate issues and jurisdiction is revested in this Court.
6        DATED this 16th day of November, 2010.

_____
Neil V. Wake
United States District Judge