**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fred Graves, Isaac Popoca, on their own behalf and on behalf of a class of all pretrial detainees in the Maricopa County Jails,<br><br>    Plaintiffs,<br><br>vs.<br><br>Joseph Arpaio, Sheriff of Maricopa County; Fulton Brock, Don Stapley, Andrew Kunasek, Max W. Wilson, and Mary Rose Wilcox, Maricopa County Supervisors;<br><br>    Defendants. | No. CV-77-00479-PHX-NVW<br><br>**ORDER** |

Before the Court is a Stipulation Regarding Automatic Stay (Doc. 1992), which will be denied because it misstates provisions of 18 U.S.C. § 3626(e) and conflicts with the parties' agreement stated in open court on July 6, 2011.

Section 3626(e)(2) provides that a motion to modify or terminate prospective relief "shall operate as a stay during the period . . . beginning on the 30th day after such motion is filed . . . and ending on the date the court enters a final order ruling on the motion." Section 3626(e)(3) provides that the Court may postpone the effective date of the automatic stay for up to 60 days for good cause. Because the parties seek additional time for discovery prior to the evidentiary hearing on Defendant Arpaio's Motion to Terminate

(Doc. 1980), the Court finds good cause to postpone the effective date of the automatic stay to September 6, 2011, which is 60 days after the initial effective date.

On July 6, 2011, a conference was held to set a schedule for discovery and an evidentiary hearing on Defendant Arpaio's motion to terminate some of the provisions of the Second Amended Judgment. While discussing possible dates for the evidentiary hearing, the Court told counsel that it intended to rule on the pending motion within 90 days of its June 8, 2011 filing date, before any automatic stay would take effect. The Court offered counsel the option of stipulating to override what otherwise would be required under the statute and waive the statutory automatic stay, thus keeping all of the Second Amended Judgment in effect until the motion is decided, rather than setting a schedule to complete discovery, hearing, and ruling before the 90-day period expires. Both Plaintiffs' counsel and Defendant Arpaio's counsel stated they agreed to a longer schedule, *i.e.*, agreeing that the automatic stay would *not* become effective. Therefore, the Court asked counsel to submit a written stipulation so that there would be no uncertainty at all as to what was agreed upon.

What the parties have submitted, however, says exactly the opposite of what was agreed upon in open court. The stipulation inaccurately states that the motion to terminate "operates as an automatic stay" under § 3626(e)(2), and "the automatic stay can be extended up to 90 days for good cause." It states that an evidentiary hearing "is currently scheduled to commence on October 18, 2011, which extends beyond the 90 day time limit for the automatic stay under the PLRA." Further, "the parties stipulate to an extension of the automatic stay to enable the parties to present their evidence to the Court and to allow the Court sufficient time to rule." It appears that counsel misunderstand both the statute and the Court's intent.

Section 3626(e)(3) provides that an automatic stay will take effect *after* 90 days. The Court will rule on Defendant Arpaio's motion before any automatic stay takes effect. The parties agreed in open court to *waive* the statutory automatic stay so that the evidentiary hearing could be held in October 2011, rather than August 2011.

1       Because it is unclear from the Stipulation Regarding Automatic Stay (Doc. 1992) whether the parties intended to agree to waive the automatic stay that would otherwise be imposed by 18 U.S.C. § 3626(e)(2), which is herein postponed under § 3626(e)(3), as expressed in open court on July 6, 2011, the Court will deny the Stipulation without prejudice to the parties filing a new stipulation. If the parties do not file a new stipulation by **5:00 p.m., July 18, 2011**, the Court will vacate the scheduling order filed July 8, 2011 (Doc. 1990) and reset the evidentiary hearing and related deadlines to permit ruling on Defendant Arpaio's Motion to Terminate by September 6, 2011.

      IT IS THEREFORE ORDERED that, upon finding of good cause, the effective date of the automatic stay under 18 U.S.C. § 3626(e)(2) of those provisions of the Second Amended Judgment subject to Defendant Arpaio's Motion to Terminate is postponed to September 6, 2011, as provided by 18 U.S.C. § 3626(e)(3).

      IT IS FURTHER ORDERED that the Stipulation Regarding Automatic Stay (Doc. 1992) is denied without prejudice.

      IT IS FURTHER ORDERED that the parties have until **5:00 p.m., July 18, 2011**, to file a new stipulation if they wish to waive the automatic stay that would otherwise be imposed by 18 U.S.C. § 3626(e)(2) as herein postponed under § 3626(e)(3).

      DATED this 12th day of July, 2011.

                                   /s/ Neil V. Wake
                                   Neil V. Wake
                                   United States District Judge