**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fred Graves, Isaac Popoca, on their own behalf and on behalf of a class of all pretrial detainees in the Maricopa County Jails,<br><br>    Plaintiffs,<br><br>vs.<br><br>Joseph Arpaio, Sheriff of Maricopa County; Fulton Brock, Don Stapley, Andrew Kunasek, Max W. Wilson, and Mary Rose Wilcox, Maricopa County Supervisors;<br><br>    Defendants. | No. CV-77-00479-PHX-NVW<br><br>**ORDER** |

Before the Court is Plaintiffs' Motion for Attorneys' Fees and Costs in Connection with Defendant Arpaio's Appeal. (Doc. 1978.)

The factual and procedural history of this class action on behalf of pretrial detainees held in the Maricopa County, Arizona, jail system is summarized in *Graves v. Arpaio*, 623 F.3d 1043, 1046 (9th Cir. 2010) (*per curiam*). On October 13, 2010, the United States Court of Appeals for the Ninth Circuit affirmed the Second Amended Judgment. *Id.* On April 4, 2011, after denying rehearing en banc, the Court of Appeals mandate issued. On April 7, 2011, Plaintiffs filed an unopposed motion to transfer consideration of attorneys' fees and expenses to this Court, which the Court of Appeals

granted on April 28, 2011. The time for filing a response has passed, and Defendants have not done so.

The legal standard for award of fees in this enforcement proceeding under 42 U.S.C. §§ 1988 and 1997e(d)(1) has been explained in detail previously. (Doc. 1799 at 4-10.) Having prevailed on every issue on appeal, Plaintiffs should recover an attorney's fee that is "directly and reasonably incurred in proving an actual violation" and "proportionately related to the court ordered relief for the violation" or "directly and reasonably incurred in enforcing the relief ordered for the violation." (*Id.* (quoting § 1997e(d).)

The maximum hourly rate upon which an award for attorneys' fees may be based is 150 percent of the hourly rate established for payment of court-appointed counsel under 18 U.S.C. § 3006A. 42 U.S.C. 1997e(d)(3). It is not disputed that the maximum rate for attorneys' fees applicable here is $208.50 per hour.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Attorneys' Fees and Cost in Connection with Defendant Arpaio's Appeal (Doc. 1978) is granted.

IT IS FURTHER ORDERED that the Clerk enter judgment pursuant to Fed. R. Civ. P. 54(d) and LRCiv 54.2 in favor of Plaintiffs against Defendants in the amount of **$42,441.30** for attorneys' fees and **$1,643.36** for non-taxable costs payable to the **ACLU National Prison Project** and **$12,113.85** for attorneys' fees and **$1,127.94** for non-taxable costs payable to **Osborn Maledon, P.A.**, plus interest at the federal rate from the date of this Order until paid.

DATED this 15th day of July, 2011.

_____
Neil V. Wake
United States District Judge