**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fred Graves, Isaac Popoca, on their own behalf and on behalf of a class of all pretrial detainees in the Maricopa County Jails,<br><br>Plaintiffs,<br><br>v.<br><br>Joseph Arpaio, Sheriff of Maricopa County; Andrew Kunasek, Mary Rose Wilcox, Denny Barney, Steve Chucri, and Clint L. Hickman, Maricopa County Supervisors,<br><br>Defendants. | No. CV-77-00479-PHX-NVW<br><br>**ORDER** |

Before the Court is the Motion of Osborn Maledon, P.A. to Withdraw as Counsel of Record for Plaintiffs (Doc. 2321).

The Motion states, "Osborn Maledon intends, by withdrawing from this case, to complete the substitution of counsel that began when Stinson Leonard Street LLP ('Stinson Leonard') noticed its appearance on July 2, 2015 (Dkt. 2319) and further on July 7, 2015 (Dkt. 2320)." (Doc. 2321.) It also states, "Because of the unique nature of this case, counsel are unable to notify the clients of their motion to withdraw." (*Id.*) The Motion is supported by current counsel Sharad H. Desai's certification that members of the Plaintiff class have not been notified because it would be impracticable to do so, but Mr. Desai is satisfied "that the interests of all class members will be well served and in no way disadvantaged by Osborn Maledon's withdrawal in light of the continued participation of other counsel for the Plaintiff class." (Doc. 2321-1.)

"No attorney shall be permitted to withdraw or be substituted as attorney of record in any pending action except by formal written order of the Court, supported by written application setting forth the reasons therefor together with the name, last known residence and last known telephone number of the client." LRCiv 83.3(b). In other words, substitution of counsel is accomplished by seeking court approval for the substitution, not by filing a notice of appearance by new counsel followed by a motion to withdraw by current counsel. Moreover, an application for substitution must set forth reasons for the substitution. This Motion does not.

Further, the Motion does not consider that class counsel must be appointed by the Court upon consideration of certain factors. In appointing class counsel, a court must consider, among other things, the work counsel has done in identifying or investigating potential claims in the action, counsel's experience and knowledge, and "any other matter pertinent to counsel's ability to fairly and adequately represent the interest of the class." Fed. R. Civ. P. 23(g)(1).

Appointment of Plaintiffs' current counsel was given thorough consideration. After two years considering, and at least three status conferences discussing, whether Osborn Maledon needed to be appointed as class counsel to assist or replace then-class counsel Theodore C. Jarvi, Plaintiffs moved for appointment of Debra Hill of Osborn Maledon, P.A., and Margaret Winter of the ACLU National Prison Project as class counsel. (Doc. 1212.) The motion included declarations and detailed information regarding the qualifications of Ms. Hill and Ms. Winter pursuant to Rule 23(g)(1). On April 1, 2008, Judge Earl Carroll granted Plaintiffs' motion and terminated representation by Mr. Jarvi, but Defendants' time to respond to the motion for appointment had not expired. (Doc. 1221.) On April 8, 2008, Defendants moved for reconsideration of the appointment Order to permit them to file a response. (Doc. 1231.) Following transfer of the case to the undersigned judge on April 10, 2008, the Court considered Defendants' arguments opposing the appointment and reaffirmed the appointment Order on April 16, 2008. (Doc. 1239.)

1    For the next seven years, Osborn Maledon and the ACLU National Prison Project represented Plaintiffs through extensive evidentiary hearings and achievement of significant improvement in conditions in the Maricopa County Jail.  The ACLU National Prison Project took the lead regarding conditions related to pretrial detainees' medical and mental health care, and Osborn Maledon was primarily responsible for conditions related to housing, safety, sanitation, nutrition, recreation, and discipline. By May 2012, all of the nonmedical provisions of the court-ordered prospective relief were terminated.

On September 30, 2014, the Court found that Defendants had not shown that certain constitutional violations related to medical and mental health care had been corrected, and it ordered Defendants to adopt specific policies and procedures, fully implement those policies and procedures, and collect data to show compliance.  (Doc. 2283.)  By September 15, 2015, Defendants must file a report of the data collected and summarized in compliance with the Order.  The Order anticipates that Defendants "will demonstrate that prospective relief no longer remains necessary to correct any current and ongoing violation of Plaintiffs' constitutional rights, and Court-ordered relief may be terminated before the PLRA permits another motion to terminate."  (Doc. 2283 at 59-60.)

Thus, it is very late in this case, and probably unnecessary, to substitute new counsel for Osborn Maledon.  If Plaintiffs need representation in addition to that provided by the ACLU National Prison Project, it would be extremely inefficient to rely on new counsel rather than those who have represented these clients for more than seven years. Moreover, there is no apparent reason that Osborn Maledon cannot continue representation for a few more months.

IT IS THEREFORE ORDERED that the Motion of Osborn Maledon, P.A. to Withdraw as Counsel of Record for Plaintiffs (Doc. 2321) is denied.

Dated this 23rd day of July, 2015.

Neil V. Wake
United States District Judge