**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fred Graves, Isaac Popoca, on their own behalf and on behalf of a class of all pretrial detainees in the Maricopa County Jails,<br><br>Plaintiffs,<br><br>v.<br><br>Paul Penzone, Sheriff of Maricopa County; Bill Gates, Steve Gallardo, Jack Sellers, Steve Chucri, and Clint L. Hickman, Maricopa County Supervisors,<br><br>Defendants. | No. CV-77-00479-PHX-NVW<br><br>**ORDER** |

Before the Court are the parties' proposed plans for Defendants to demonstrate compliance with the sole remaining requirement of the Revised Fourth Amended Judgment, which was entered on September 30, 2014. (Docs. 2497, 2498.)[1]

Subparagraph (26) of Paragraph 5(a) of the Revised Fourth Amended Judgment states: "Defendants will adopt and implement a written policy requiring that mental health

---

[1] "MCSO" means Maricopa County Sheriff's Office.
"CHS" means Correctional Health Services.
"SMI" means Seriously Mentally Ill, as identified by the county public mental health provider. "MHCC" means Mental Health Chronic Care, as identified by CHS. References to "seriously mentally ill" individuals include both those designated SMI by the county public mental health provider and those identified by CHS as having serious mental illness.
"DAR" means Disciplinary Action Report.

staff be consulted regarding discipline of any seriously mentally ill pretrial detainee."
(Doc. 2299 at 6.) On August 22, 2018, the Court found:

> Defendants have generally shown compliance with subparagraph 5(a)(26), but not for consultation concerning disciplinary isolation. Defendants will be ordered to propose how they will demonstrate that before a seriously mentally ill pretrial detainee is placed in disciplinary isolation, CHS mental health staff are consulted and their recommendations addressing the potential effects of isolation on the pretrial detainee's mental health are received and considered.

(Doc. 2483 at 35.) The Court ordered Defendants to "file a proposed plan for demonstrating compliance with subparagraph (26) of Paragraph 5(a) of the Revised Fourth Amended Judgment concerning instances of disciplinary isolation." (*Id.* 2483 at 39.)

On January 15, 2019, the Court rejected Defendants' proposed plan for demonstrating compliance and directed Defendants to:

> . . . come up with a process and contemporaneous record keeping that will show for a three-month period: all pretrial detainees for whom a DAR was issued for possible disciplinary isolation, which of them had been designated as seriously mentally ill, whether CHS mental health staff was consulted for each, the content of each consultation or recommendation, and whether disciplinary segregation was imposed or sanctions were suspended. The report should explain how sanctions proposed by MCSO were communicated to CHS, that consultations with CHS mental health staff occurred, and that recommendations by CHS mental health staff were considered by MCSO. The plan and the report pursuant to it should explain how these communications were documented and how the evidence of the communications was collected.

(Doc. 2493 at 8.) The Court reminded the parties that "the purpose of subparagraph 5(a)(26) was to articulate a minimum constitutional measure of disciplinary isolation of seriously mentally ill detainees." (*Id.* at 7.) Defendants are not required to prove compliance with each term of their adopted policies and procedures, but must produce objective proof that mental health staff are consulted and such consultation reaches disciplinary decision-makers, at least as a general matter, before disciplinary isolation is imposed. (*Id.*)

On May 3, 2019, after exchanging proposed plans and conferring, the parties filed separate proposals for demonstrating compliance. (Docs. 2497, 2498.) On May 16, 2019, the Court heard oral argument regarding the proposals. Upon consideration of the parties' briefing and additional information provided during oral argument, the Court will order a compliance plan through which Defendants will "demonstrate that before a seriously mentally ill pretrial detainee is placed in disciplinary isolation, CHS mental health staff are consulted and their recommendations addressing the potential effects of isolation on the pretrial detainee's mental health are received and considered."

IT IS THEREFORE ORDERED that:

1. The MCSO Hearing Unit will collect all DARs created in April, May, and June 2019 for detainees designated SMI or MHCC that resulted in the detainee being placed in disciplinary isolation.

2. The MCSO Hearing Unit will collect the email communications between CHS mental health staff and MCSO regarding each of the DARs created in April, May, and June 2019 for detainees designated SMI or MHCC that resulted in the detainee being placed in disciplinary isolation.

3. The MCSO Hearing Unit will collect the consultation/override forms documenting final determinations made by the Custody Bureau Hearing Unit Commander.

4. Defendants will produce to Plaintiffs all DARs created in April, May, and June 2019 for detainees designated SMI or MHCC that resulted in the detainee being placed in disciplinary isolation with the related email communications and consultation/override form attached to the appropriate DAR.

5. Defendants will provide Plaintiffs a list of CHS mental health personnel and their identification numbers.

6. Defendants will deliver to Plaintiffs the productions for each month as soon as possible.

7. Defendants will provide Plaintiffs with remote access to the electronic medical records.

8. For each DAR created in April, May, and June 2019 for a detainee designated SMI or MHCC that resulted in the detainee being placed in disciplinary isolation, Defendants will report the following information: DAR date, DAR number, detainee name, detainee number, whether evidence of a consultation request from MCSO to CHS mental health staff was produced to Plaintiffs, whether evidence of a response to the consultation request was produced to Plaintiffs, whether the DAR indicates the response to the consultation request was received and considered, whether disciplinary isolation was imposed, whether disciplinary isolation was imposed and suspended, whether any override by the Custody Bureau Hearing Unit Commander and justification were documented, whether CHS documented the consultation in the inmate's electronic medical record, and whether each placement is considered "compliant."

9. Defendants will report a monthly summary of compliance rates.

10. Defendants will file their final compliance report by July 19, 2019. Plaintiffs will file their response by August 19, 2019. Defendants may file an optional reply by August 30, 2019.

IT IS FURTHER ORDERED setting a hearing on September 4, 2019, at 1:30 p.m.

Dated this 20th day of May, 2019.

_____
Neil V. Wake
Senior United States District Judge

- 4 -